CARLTON, J., for the Court:
¶ 1. Marquis T. Townes was convicted in the Tate County Circuit Court of conspiracy, burglary of a dwelling, and grand larceny. Aggrieved, he now appeals, arguing that the circuit court erred in denying his challenges for cause as to several members of the venire. Finding no reversible error, we affirm.
FACTS
¶ 2. A grand jury in Tate County, Mississippi, indicted Townes on March 12, 2010, for conspiracy to commit burglary of a dwelling, burglary of a dwelling, and grand larceny. During the jury-selection conference prior to his trial, Townes requested that the circuit judge strike for cause all of the prospective jurors who identified themselves in voir dire[1] as having had their homes burglarized. Townes contended that these prospective jurors, despite their assurances in voir dire to the contrary, would not be able to set aside their personal feelings and give Townes a fair trial.
¶ 3. The State objected to Townes’s proposed challenges for cause. The circuit judge subsequently denied Townes’s challenges, ruling that each of the prospective jurors, other than one already stricken, had stated on the record that they could be fair and impartial, and the fact that these jurors were past victims would not impact them while sitting as jurors in Townes’s trial. Townes objected to the circuit judge’s ruling. Townes ultimately used five of his six peremptory challenges on jurors who he claims should have been excused for cause by the circuit court.
¶ 4. After a two-day trial in Tate County Circuit Court, the jury found Townes guilty on all three counts of his indictment. Following the denial of Townes’s post-trial motions, the circuit judge sentenced Townes as follows: five years in the custody of the MDOC for Count I, conspiracy; ten years in the custody of the MDOC for Count II, burglary of a dwelling, followed by fifteen years post-release supervision, with five years of reporting; and ten years in the custody of the MDOC for Count III, grand larceny, with the sentences in all three counts to run concurrently. As part of the sentence for Count II, the circuit judge also ordered Townes to pay a $1,000 fine and $100 to the Crime Victims’ Compensation Fund, as well as court costs.
¶5. Townes now appeals, arguing that the circuit court erred in denying his challenge for cause to strike the jurors identified in voir dire as past victims of house burglary.
DISCUSSION
¶ 6. In his sole assignment of error, Townes argues that his constitutional right to an impartial jury was violated because he was forced to use five of his six peremptory challenges on jurors who he claims should have been excused for cause by the circuit court. Specifically, Townes claims that the circuit court erred in denying his challenge for cause to strike jurors identified in voir dire as past victims of house burglary. Townes submits that by being forced to use almost all of his peremptory challenges to strike the potential jurors identified as victims of house burglary, he was unable to use his peremptory strikes against others to ensure a more fair and impartial jury of his peers. Townes ultimately exhausted all six of his peremptory challenges during jury selection, using five of the challenges against victims of house burglary. Townes alleges that as a result of the circuit court’s denial of his chal *897 lenges for cause, he was denied a fair trial. He submits that his case should therefore be reversed and remanded for a new trial.
¶ 7. We acknowledge that the trial judge possesses considerable discretion to determine whether to excuse a potential juror, and we will reverse his decision only if we find that he has abused his discretion. Flaggs v. State, 999 So.2d 393, 400-01 (¶ 23) (Miss.Ct.App.2008). With regard to this issue, the Mississippi Supreme Court has established:
To the extent that any juror, because of his relationship to one of the parties, his occupation, his past experience, or whatever, would normally lean in favor of one of the parties, or be biased against the other, or one’s claim or the other’s defense in the lawsuit, to this extent, of course, his ability to be fair and impartial is impaired. It should also be borne in mind that jurors take their oaths and responsibilities seriously, and when a prospective juror assures the court that, despite the circumstance that raises some question as to his qualification, this will not affect his verdict, this promise is entitled to considerable deference.
Duncan v. State, 939 So.2d 772, 779 (¶ 23) (Miss.2006) (quoting Scott v. Ball, 595 So.2d 848, 850 (Miss.1992)) (citations and emphasis omitted). We further recognize that “selection of jurors [is] a judgment call peculiarly within the province of the circuit judge, and ... we will not on appeal second guess [that judgment] in the absence of a record showing a clear abuse of discretion.” Scott, 595 So.2d at 850.
¶ 8. In Christmas v. State, 10 So.3d 413, 423 (¶ 47) (Miss.2009), our supreme court reiterated:
So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean that the defendant was denied his constitutional rights. Ross v. Oklahoma, 487 U.S. 81, 88, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988). This Court has explained that a prerequisite to presentation of a claim of a denial of constitutional rights due to denial of a challenge for cause is a showing that the defendant had exhausted all of his peremptory challenges and that the incompetent juror was forced by the trial court’s erroneous ruling to sit on the jury. Chisolm v. State, 529 So.2d 635, 639 (Miss.1988).
(Quoting Mettetal v. State, 615 So.2d 600, 603 (Miss.1993)). See also Archer v. State, 986 So.2d 951, 957 (¶23) (Miss.2008).
¶ 9. Upon review of the record, we find that Townes fails to establish prejudice because the venire members in question did not actually serve on the jury. While we acknowledge that Townes used his peremptory challenges to remove the venire members at issue who were victims of house burglary, and while Townes did exhaust those challenges, Townes must show that the circuit judge’s ruling forced the seating of an incompetent juror or jurors, to Townes’s detriment. Christmas, 10 So.3d at 423 (¶47). We find that Townes has failed to demonstrate that any impaneled juror was incompetent to sit on the jury in this case.
¶ 10. The record further reflects that the venire members who identified themselves as past victims of burglary assured the circuit judge that they could be fair and impartial jurors. Additionally, although the record does not contain the circuit judge’s instructions to the jury, the transcript shows that during the sentencing hearing, the Assistant District Attorney confirmed that she, the circuit judge, and Townes’s counsel all stressed the importance of having fair and impartial jurors. The Mississippi Supreme Court has stated that appellate courts possess “the *898 right to presume that jurors will adhere to them oaths and follow the instructions given to them by the trial court.” Tate v. State, 20 So.3d 623, 634 (¶ 26) (Miss.2009). As we have previously acknowledged, “that the trial judge is in the best position to determine whether the jury as selected was fair and impartial, and therefore [the appellate court] yields to a trial court’s discretionary finding that a competent jury, under its oath to be fair and impartial, was empaneled to render judgment .... [The appellate court] will not reverse absent clear abuse of that discretion.” Archer, 986 So.2d at 959 (¶ 30). Accordingly, we cannot say that the circuit judge erred in denying Townes’s challenges for cause. This issue is without merit.
¶ 11. THE JUDGMENT OF THE TATE COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, CONSPIRACY, AND SENTENCE OF FIVE YEARS; COUNT II, BURGLARY OF A DWELLING, AND SENTENCE OF TEN YEARS; AND COUNT III, GRAND LARCENY, AND SENTENCE OF TEN YEARS ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE SENTENCES IN COUNTS I, II, AND III TO RUN CONCURRENTLY, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. The trial transcript shows that voir dire examination of the prospective jurors was conducted, but those proceedings are not included as part of the record.