WALLER, Chief Justice, for the Court:
¶ 1. Freddie Webber, Jr., was convicted of the sale or transfer of cocaine in the Circuit Court of Lowndes County and was sentenced as a habitual offender to a term *931 of thirty years in the custody of the Mississippi Department of Corrections (MDOC) without eligibility for probation or parole. Finding no error, we affirm Webber’s conviction and sentence.
FACTS
¶ 2. On April 28, 2009, Lloyd McWil-liams, a Lowndes County narcotics agent, enlisted James Jones, a confidential informant, to purchase drugs from individuals in Columbus, Mississippi. Jones completed two transactions that day, which were captured on video. One of those transactions was a buy from Webber.
¶ 8. Jones testified for the State and explained his pay arrangement with the county. He told the jury that he purchased twenty dollars’ worth of cocaine from Webber, which he then placed in a bag and delivered to Agent McWilliams. At trial, Jones identified both the bag and Webber. During Jones’s testimony, the State submitted a DVD that contained audio and video footage of the transaction, which the jury then viewed. During its ease-in-chief, the State also called Agent McWilliams and Bill Smith, Director of Forensic Chemistry at the Columbus Forensic Lab. Smith testified that the substance in question was, in fact, cocaine. Agent McWilliams confirmed that Jones was paid for the Webber transaction and explained that the video of the transaction was used to identify Webber.
¶ 4. The defense presented no evidence and called no witnesses. The jury subsequently found Webber guilty as charged.
ISSUES
¶ 5. Webber raises three issues on appeal: (1) the video should have been excluded because it contained evidence of prior bad acts; (2) he was entitled to a cautionary instruction based on the State’s reliance on a paid confidential informant; and (3) the weight of the evidence did not support the verdict.
DISCUSSION
¶ 6. Although Webber initially objected to the video because it contained a discussion between Webber and Jones about prior drug transactions, the objection was waived at trial. The waiver is reflected in the record:
[Webber’s Counsel]: ... [A]fter discussing the issue with my client, the possibility of waiving other issues, we have made the informed decision to withdraw the objection to the video and play it in its entirety.
[Court]: That is from the start of this particular witness’s involvement that day up until the conclusion, from the pre-buy to the post-buy.
[Webber’s Counsel]: From the pre-buy to the post-buy, yes, Your Honor.
[Court]: There’s no objection to the entire video then?
[Webber’s Counsel]: No objection to the entire video.
Because the entire video was admitted without objection, this issue was not preserved for appeal. See, e.g., Ross v. State, 954 So.2d 968, 987 (Miss.2007) (failure to raise a contemporaneous objection waives the issue on appeal).
¶ 7. As for Webber’s second issue, we find that the trial court did not abuse its discretion by denying Webber’s proposed cautionary jury instructions regarding Jones’s testimony. The details of Jones’s pay arrangement with the county were disclosed to the jury, and Jones was subject to cross-examination. Thus, the failure to give a cautionary instruction regarding Jones’s testimony was not an abuse of discretion. White v. State, 722 So.2d 1242, 1247-48 (Miss.1998) (finding that where details of the confidential-infor *932 mant arrangement were disclosed to the jury and the confidential informant was subject to cross-examination, failure to give a cautionary instruction regarding his testimony was not an abuse of discretion) (citing Williams v. State, 463 So.2d 1064, 1069 (Miss.1985)).
¶ 8. Finally, we find that, based on the evidence presented, reasonable jurors could have found Webber guilty and that the verdict should not be disturbed. Taylor v. State, 672 So.2d 1246, 1255 (Miss.1996).
CONCLUSION
¶ 9. We find that Webber’s arguments either are procedurally barred or are without merit. Therefore, we affirm his conviction and sentence.
1110. CONVICTION OF SALE OF COCAINE AND SENTENCE OF THIRTY (30) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AS A HABITUAL OFFENDER, AFFIRMED. SENTENCE SHALL NOT BE REDUCED NOR SUSPENDED NOR SHALL APPELLANT BE ELIGIBLE FOR PAROLE OR PROBATION. APPELLANT SHALL PAY A FINE OF $5,000.00.
DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.