GRIFFIS, P. J.,
for the Court:
¶ 1. Tarvarcus Miller appeals his conviction of sale of a controlled substance. In *201 the brief filed by the Office of State Public Defender, Indigent Appeals Division, Miller claims that it was error to allow the testimony of a technical reviewer of the drug-analysis report. Miller also filed a pro se supplemental brief that asserted additional errors. Having reviewed all of the issues submitted, we find no error and affirm.
FACTS
¶ 2. Miller was indicted for the sale of .6 grams of cocaine, which is a Schedule II controlled substance, in violation of Mississippi Code Annotated section 41-29-139(a)(1) (Rev.2013). During his trial, the State presented three witnesses: Lafayette County Metro Narcotics Agent Barry Magee, confidential informant Justin Harris, and Teresia Hickman, a forensic scientist with the Mississippi Crime Lab.
¶ 3. Agent Magee and Harris testified about a controlled purchase of cocaine that occurred on June 16, 2011. Harris met with Agent Magee, and the other narcotics agents, before the transaction. The agents searched Harris’s truck and his person. The agents equipped Harris’s vehicle with a video-surveillance device and placed an audio-recording device on him. Agent Magee gave Harris $60 to purchase cocaine.
¶ 4. Harris then called Miller to arrange a meeting to purchase cocaine. At Miller’s instruction, Harris picked Miller up at an apartment complex and drove him to the Cambridge Station Apartments. Miller then got out of the ear and went into one of the apartments, while Harris waited in the car. After about ten to fifteen minutes, Miller came out of the apartment with .6 grams of cocaine. Miller got back in the car and exchanged the cocaine for Harris’s $60, which was the money supplied to Harris by Agent Magee. Harris then dropped Miller off at his original location, drove back to the agents at the designated post-buy location, and gave the agents the cocaine he purchased from Miller. The video of this transaction was played for the jury.
¶ 5. Hickman testified that the substance submitted by Agent Magee to the crime lab was .6 grams of cocaine. The defense filed a motion in limine to exclude Hickman’s testimony as to the identity of the substance. Miller argued that Hickman was not the analyst who personally performed the original test of the cocaine. Instead, Hickman was merely the technical reviewer of the original test that was performed by forensic analyst Robert Reed. Reed was unavailable to testify because he was no longer employed with the Mississippi Crime Lab and had since moved out of the state. The defense argued that since Hickman was not physically present when Reed performed the analysis of the drug, meaning she did not perform or observe the test, Miller’s Sixth Amendment right to confront the witness against him was violated. The circuit court denied the defense’s motion in limine and allowed Hickman’s testimony.
¶ 6. The jury convicted Miller of sale of a controlled substance pursuant to Mississippi Code Annotated section 41-29-139(a)(l). Miller was sentenced as an habitual offender, under Mississippi Code Annotated section 99-19-81 (Rev.2007), to serve thirty years in the custody of the Mississippi Department of Corrections. The court denied his motion for a judgment notwithstanding the verdict or, alternatively, a new trial. It is from this judgment that Miller now appeals.
ANALYSIS

1. Whether Hickman’s testimony violated Miller’s right to confront a witness against him.

¶ 7. Miller argues that he did not have the proper opportunity to confront *202 the drug analyst that tested the substance. As a result, any information from the forensic report should have been deemed inadmissible. Miller concludes that the admission of Hickman’s testimony violated his Sixth Amendment right to confrontation. Thus, he argues that the evidence was not sufficient to convict him, and the conviction should be reversed and rendered.
¶ 8. The Court reviews issues concerning the admissibility of evidence under an abuse-of-discretion standard. Floyd v. City of Crystal Springs, 749 So.2d 110, 113 (¶ 12) (Miss.1999). Errors in the admission or exclusion of evidence are grounds for reversal if the errors adversely affect a substantial right of a party. Moms v. State, 963 So.2d 1170,1175 (¶ 15) (Miss.Ct.App.2007). This Court reviews constitutional issues de novo. Turner v. State, 945 So.2d 992, 999 (¶21) (Miss.Ct. App.2007).
¶ 9. The evidence was reviewed by Reed, a Mississippi Crime Lab analyst. Reed’s report determined that the substance was .6 grams of cocaine. However, Reed did not testify at trial. Hickman, the technical reviewer of Reed’s report, testified about the substance’s composition, quality, and net weight. According to Miller, Hickman testified that she took Reed’s work and checked the information to make sure that the data was correct from a technical standpoint. She performed an amended review of the report, looking for any possible errors. She verified that the report contained no misspelled words and proper unit measurements. Finally, after checking and verifying that Reed used the standard operating procedure, Hickman signed the report as a technical reviewer.
¶ 10. Miller points out that Hickman was unable to testify that she was present when Reed worked on the analysis of the substance. She did not perform the test that determined the substance was cocaine, and she was not present when Reed performed the test on the substance in question. Hickman was not even able to testify as to the actual date that she signed her part of the technical review. She testified that the date of her review was located in a document that was not presented at trial.
¶ 11. The State counters that Hickman described her technical review of Reed’s analysis as follows:
I take his work and I check each piece of data technically, which means I’m checking the color pattern, the colors that he found, if there is any variation in the way I would have done it, which is the standard operation procedure that the crime lab requires.
I then check the incrementation because he performed two examinations. I take the spectra. I check to make sure the quality match is what it should be, and I check to verify the substance is what it should be.
At that point I do what is called an amended review. That’s when you look for errors. Then I verify he wrote it up correctly, he spelled words correctly, and he used the proper gram or milligrams in the analysis.
When all of this is checked, and only when all of this is verified that it was done by standard operation procedure, I sign it for the technical review and initial to verify that I amended it also.
Hickman was then asked for her own expert opinion concerning the substance, based on her review and work in this case. She opined that the substance was .6 grams of cocaine. The State claims that Hickman’s testimony did not violate Miller’s right to confrontation.
¶ 12. The Mississippi Supreme Court has previously addressed this very issue. *203 The court held “that a supervisor, reviewer, or other analyst involved may testify in place of the primary analyst where that person was ‘actively involved in the production of the report and had intimate knowledge of analyses even though she did not perform the tests firsthand.’ ” Grim v. State, 102 So.3d 1073, 1081 (¶ 22) (Miss. 2012) (citation omitted); see also Jenkins v. State, 102 So.3d 1063, 1067-68 (¶13) (Miss.2012) (citation omitted).
¶ 13. Grim and Jenkins are dispositive. Hence, we find that Hickman’s testimony did not -violate Miller’s Sixth Amendment right to confrontation. We find no merit to this issue.

2. Issues Raised in Miller’s Supplemental Brief

A.Sufficiency of the Evidence

¶ 14. Miller argues that the evidence was insufficient to sustain his conviction for sale of a controlled substance. Specifically, he cites alleged discrepancies between Harris’s testimony and the video of the controlled buy. The jury, however, was presented with Harris’s testimony of the controlled buy, which was corroborated by the video of the transaction. We find that such evidence is sufficient to uphold the conviction of sale of a controlled substance, as even the uncorroborated testimony of a single witness is sufficient to support a conviction. Whitlock v. State, 47 So.3d 668, 676 (¶22) (Miss.2010) (citation omitted).

B.Overwhelming Weight of the Evidence

¶ 15. Miller also argues that the jury verdict was against the overwhelming weight of the evidence, as the evidence preponderated in favor of his innocence. However, Miller presents no legal argument, citation to legal authority, or evidence in the record that would substantiate his claim. We find this issue to be procedurally barred. It is well-settled law that “if an appellant fails to support her allegation of error with argument or authority, this Court need not consider the issue.” Jordan v. State, 995 So.2d 94, 103 (¶ 14) (Miss.2008) (citations omitted). Miller’s failure to cite any legal authority or evidence in the record to support his assignment of error constitutes a waiver of this issue.
C.Denial of Jury Instruction D-8 (the “Snitch” Instruction)
¶ 16. Miller offered jury instruction D-8, which was a cautionary instruction that Harris’s testimony should be taken with suspicion and distrust, as he was a “snitch” who admitted that he received favorable treatment for his testimony. See generally Moore v. State, 787 So.2d 1282, 1286 (¶ 14) (Miss.2001). Miller argues that the trial court erred when it denied this instruction.
¶ 17. We find, however, that the trial court’s failure to give a cautionary instruction was not an abuse of discretion. The supreme court has held that a cautionary instruction pertaining to the testimony of a confidential informant is not required where the details of the informant’s pay arrangement with law enforcement are disclosed to the jury, and where the informant is subject to cross-examination. Webber v. State, 108 So.3d 930, 931-32 (¶ 7) (Miss.2013) (citation omitted). While Harris was not paid for his testimony, the jury was made aware of Harris’s cooperation with authorities in exchange for “assistance from the D.A. on his charge.” Harris was also subject to cross-examination. Therefore, the trial court did not abuse its discretion when it failed to give a cautionary instruction regarding Harris’s testimony.

*204
D. Denial of a Continuance Due to Miller’s Voluntary Intoxication

¶ 18. Miller argues that he was entitled to a continuance because he was under the influence of marijuana at trial. Once again, Miller cites no legal authority and presents no legal argument to support this claim. Therefore, we decline to address this issue, as it is also procedurally barred. Jordan, 995 So.2d at 103 (¶ 14) (citations omitted).

E. Whether Jury Instructions Constructively Amended the Indictment

¶ 19. Finally, Miller argues that the jury instructions on the elements of the crime of sale of a controlled substance were different from the indictment. He argues that this constitutes plain error. However, the elements instruction, which called for the jury to find Miller guilty of sale of a controlled substance if the jury found beyond a reasonable doubt that Miller “sold, transferred, distributed, or delivered” cocaine to Harris, mirrored both the controlling statute and the indictment, which alleged that Miller did “sell, transfer, distribute or deliver! ] ... cocaine .... ” Therefore, we find Miller’s claim that the elements instruction constructively amended the indictment is without merit.
¶ 20. Finding no merit to the issues raised by Miller, we affirm the conviction.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY OF SALE OF A CONTROLLED SUBSTANCE AND SENTENCE, AS A HABITUAL OFFENDER, OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAFAYETTE COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.