ROBERTS, J.,
for the Court:
¶ 1. Following a jury trial in the Madison County Circuit Court, Dennis Beal was convicted of selling cocaine to a confidential informant, and he was sentenced to sixty years in the custody of the Mississippi Department of Corrections (MDOC), as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2007). He was also ordered to pay a $2,000,000 fine. Beal raises three issues on appeal, primarily regarding the admission or exclusion of evidence and testimony at trial and the denial of a jury instruction. We find Beal’s arguments to be without merit; therefore, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. In late March 2009, a man met members of the Madison County Sheriffs Department to act as a confidential informant (Cl) on a drug-buying operation. The Cl was searched and given thirty dollars with which to buy cocaine. Captain Tommy Jones and Narcotics Agent Trey Curtis wired the Cl with video and audio equipment in order to document the transaction.[1] Captain Jones and Agent Curtis drove the Cl to the area of Laura Drive in Madison County. Shortly thereafter, the Cl encountered Beal and got into Beal’s vehicle. The Cl gave Beal thirty dollars in exchange for two rocks of crack cocaine. Following the drug exchange, Captain Jones and Agent Curtis picked up the Cl and drove him to another location, where they recovered the drugs and audio/video equipment.
¶ 3. A Madison County grand jury indicted Beal on one count of selling cocaine in violation of Mississippi Code Annotated *385 section 41-29-139 (Rev.2013).[2] He was also charged under Mississippi Code Annotated section 41-29-147 (Rev.2013) as a subsequent drug offender subject to an enhanced punishment. Beal’s indictment was also later amended to reflect his nonviolent-habitual-offender status pursuant to section 99-19-81.
¶ 4. After extensive pretrial motions and hearings, Beal’s jury trial began on December 13, 2011.[3] First, the State offered the testimony of Captain Jones. Captain Jones explained that he and Agent Curtis picked up the Cl, who had acted as a confidential informant for them in the past, and took him to another location to search him for contraband, outfit him with the audio/video equipment, and provide him with department-issued money to buy the drugs. Captain Jones also explained that the Cl received thirty dollars as compensation in exchange for acting as a confidential informant. The State entered into evidence several still photos taken from the recovered video depicting Beal behind the steering wheel of a car and holding, what Captain Jones and the Cl testified to be, two rocks of crack cocaine. Archie Nichols,, a forensic scientist at the Mississippi Crime Laboratory, testified that tests confirmed that the two substances recovered were crack cocaine. In addition to the still photographs, the jury also watched the video of the transaction and was provided a transcript to review while watching the video. Captain Jones also described an interaction he had with Beal after Beal’s arrest. According to Captain Jones, Beal asked him whether there was anything he could do to make the case go away. He ultimately offered Captain Jones $10,000 to dismiss the case. This offer resulted in a subsequent bribery charge.
¶ 5. Chief Deputy Randy Tucker also testified for the State.[4] Upon Beal’s arrest, Chief Tucker advised him of his Miranda[5] rights, which Beal waived. Chief Tucker testified that Beal confessed to him that he had sold cocaine to the Cl. He also testified that Beal attempted to bribe Captain Jones with $10,000 to dismiss the case.
¶ 6. Next, the Cl testified about his involvement as the confidential informant. He stated that he had known Beal for his whole life because they grew up in the same area. He confirmed that the video showing the drug transaction was accurate, as was the transcript made from the video and the still photographs also taken from the video. The Cl testified that one of the pictures shown depicts Beal holding two rocks of crack cocaine that Beal then handed to him in exchange for thirty dollars.
¶ 7. Following the denial of his motion for a directed verdict, Beal offered one witness on his behalf: Agent Curtis. Agent Curtis’s testimony primarily reiterated Captain Jones’s testimony as to how they utilized the Cl as a confidential informant and the events that occurred on the day the Cl bought drugs from Beal. On cross-examination, Agent Curtis also confirmed that Beal had admitted to selling the Cl cocaine and admitted to offering Captain Jones money in exchange for having the drug charges dropped.
*386 ¶ 8. The circuit court denied Beal’s request for a jury instruction cautioning the jury to look upon the Cl’s testimony with suspicion and distrust. After receiving its instructions, the jury deliberated and re-tened a verdict finding Beal guilty. Beal was sentenced, as a subsequent drug offender pursuant to section 41-29-147 and a habitual offender pursuant to section 99-19-81, to serve sixty years in the custody of the MDOC. Beal filed the present appeal.
¶ 9. Beal argues three issues in his brief:
I. Whether plain error occurred as a result of the erasure of a[n] ... audio backup device that denied [Beal] his right to confront his accusers[,] especially in light of the inaudible condition of the videotape and the testimony of the confidential informant[.]
II. Whether the [circuit] court erred in not allowing a “great care and concern” jury instruction!.]
III. Whether [the circuit] court erred by admitting evidence and testimony associated with [Beal’s] subsequent bribery charge and conviction under [Mississippi Rule of Evidence] 404(b)[.]
ANALYSIS
I. Plain Error
¶ 10. In his first assignment of error, Beal submits that it was plain error that the audio backup recording device was not entered into evidence, and the failure to enter it into evidence was a violation of his right to confront his accuser under the Confrontation Clause, and his right to a fair trial. The sole authorities cited by Beal on this issue only provide us with a discussion of general plain-error principles. He cites to no other authority to support his contention that his rights were in any way violated.
¶ 11. Mississippi Rule of Appellate Procedure 28(a)(6) provides that Beal’s brief should contain his “contentions ... with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.” (Emphasis added). The failure to cite relevant authority to support his argument “obviates the appellate court’s obligation to review such issues.” Gillett v. State, 56 So.3d 469, 517 (¶ 142) (Miss.2010) (citation omitted) (quoting Simmons v. State, 805 So.2d 452, 487 (¶ 90) (Miss.2001)).
¶ 12. Because Beal provided no relevant authority, we decline to address this issue.
II. Jury Instruction
¶ 13. Beal’s next argument is that the circuit court erred in denying a “great care and concern” jury instruction as to the Cl’s testimony. This type of instruction would instruct the jury that the uncorroborated testimony of an alleged accomplice should “be viewed with great caution and suspicion.” Walker v. State, 229 Miss. 540, 545, 91 So.2d 548, 549 (1956). It is well established that “|j]ury instructions are generally within the discretion of the trial court and the settled standard of review is abuse of discretion.” Bailey v. State, 78 So.3d 308, 315 (¶ 20) (Miss.2012) (citing Newell v. State, 49 So.3d 66, 73 (¶ 20) (Miss.2010)).
¶ 14. In Webber v. State, 108 So.3d 930, 931-32 (¶ 7) (Miss.2013), the Mississippi Supreme Court held that the circuit court did not abuse its discretion in denying Freddie Webber Jr.’s proposed cautionary jury instruction about the testimony of the confidential informant at trial. The supreme court held that because the details of the confidential informant and the coun *387 t/s pay arrangement were disclosed to the jury and the confidential informant was subject to cross-examination, it was not an abuse of discretion to deny Webber’s proposed jury instruction. Id.
¶ 15. We find that Webber is on point for the present case. Through the testimony of the Cl and Captain Jones, the jury was aware that the Cl received thirty dollars for his participation as a confidential informant. Beal, through his attorney, did cross-examine the Cl on the details of the pay arrangement made between the Cl and Captain Jones. Because the jury was properly informed of any arrangement or deal and the Cl was subject to cross-examination, we cannot find that the circuit court abused its discretion in denying Beal’s proposed instruction.
¶ 16. This issue is without merit.
III. Rule 404(b)
¶ 17. The standard of review for the admission or exclusion of evidence is well settled. The “[ajdmission or suppression of evidence is within the discretion of the trial judge and -will not be reversed absent an abuse of that discretion.” Hag-gerty v. Foster, 838 So.2d 948, 958 (¶ 25) (Miss.2002). Further, “where error involves the admission or exclusion of evidence, this Court will not reverse unless the error adversely affects a substantial right of a party.” Id. (citation and internal quotation marks omitted).
¶ 18. Beal argues that pursuant to Rule 404(b), the circuit court erred in allowing testimony related to his subsequent bribery charge into evidence. Rule 404(b) says:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
At trial, Captain Jones, Chief Tucker, and Agent Curtis testified that when Beal was arrested for selling cocaine, he offered Captain Jones approximately $10,000 to make the charges go away. The circuit court allowed this testimony, finding that it showed Beal’s consciousness of guilt, knowledge, plan, and motive. It further found that the probative value was not outweighed by the danger of unfair prejudice.
¶ 19. Evidence of Beal’s offer to Captain Jones was limited to only the voluntary statements he made to Captain Jones. No other discussion or elaboration was permitted, including whether Beal was ever formally charged and convicted of bribery. We find that this testimony was not used to show that Beal acted in conformity with his character, but rather certainly may be considered as probative of Beal’s knowledge or consciousness of his own factual guilt. Therefore, we do not find that the circuit court abused its discretion in allowing the testimony into evidence.
¶ 20. This issue lacks merit.
¶ 21. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT OF CONVICTION OF ONE COUNT OF THE SALE OF COCAINE AND SENTENCE, AS A HABITUAL OFFENDER AND SUBSEQUENT DRUG OFFENDER, OF SIXTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE, PROBATION, OR REDUCTION OR SUSPENSION OF THE SENTENCE, AND TO PAY A FINE OF $2,000,000, IS AFFIRMED. ALL COSTS *388 OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. At the time of the transaction, Captain Jones had been a lieutenant. However for the purpose of this appeal, we will refer to him by his rank at the time of trial, which was captain.

. The indictment also charged him with selling cocaine within 1,500 feet of a church in violation of Mississippi Code Annotated section 41-29-142 (Rev.2013). This enhancement was not pursued at trial.

. Beal had a prior trial on the same incident that resulted in a hung jury.

. Since trial, Chief Tucker has been elected sheriff. For consistency, we will refer to him by his rank at the time of trial.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).