# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-00735-COA

**JOHN GALE A/K/A NOOKIE**                                   **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/04/2016 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | WINSTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: HUNTER NOLAN AIKENS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOSEPH SCOTT HEMLEBEN |
| DISTRICT ATTORNEY: | DOUG EVANS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED: 09/05/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1. John Gale was convicted of the sale of less than two grams of methamphetamine to a confidential informant and sentenced to eight years' imprisonment. The jury acquitted Gale of two other drug sale counts relating to a morphine pill and a Xanax (alprazolam) pill he was alleged to have sold at the same time. On appeal, Gale contends that the jury should have received a cautionary instruction on the testimony of confidential informants, and that the verdict was against the overwhelming weight of the evidence. We find no error and affirm.

## DISCUSSION

### 1. Weight of the Evidence

¶2. Though presented as Gale's second issue, we will address this contention first to avoid repetition. Gale contends that his conviction was against the overwhelming weight of the evidence.

¶3. A new trial based on the weight of the evidence should be granted "only in exceptional cases in which the evidence preponderates heavily against the verdict." *Bush v. State*, 895 So. 2d 836, 844 (¶18) (Miss. 2005) (citation omitted). "[T]he evidence must be viewed in the light most favorable to the verdict[.]" *Jenkins v. State*, 131 So. 3d 544, 551 (¶23) (Miss. 2013). And because the motion for a new trial is entrusted to the circuit judge, who had a firsthand view of the trial, "reversal is warranted only if the trial court abused its discretion in denying [the] motion for a new trial." *Waits v. State*, 119 So. 3d 1024, 1028 (¶13) (Miss. 2013).

¶4. Here, the State's evidence consisted largely of the testimony of a confidential informant, but it was also corroborated by the informant's wife and by video and audio recordings made by a hidden camera, which was disguised as a button on the informant's shirt. Prior to the buy, investigators from the sheriff's department met the informant and his wife. The informant and his wife were searched (the informant more thoroughly than the wife, as no female officer was available), as well as their vehicle, and then the investigators gave the informant a certain amount of cash,[1] equipped him with the recording equipment,

---

[1] It was variously testified to be $120 or $140.

2

and sent him off to purchase drugs from Gale.

¶5.    The informant went to a gas station where he used its phone to call Gale and arrange the meeting. The video recording shows the informant meeting Gale on a deserted road and getting into Gale's vehicle. The audio is difficult to discern, but the two appear to discuss a price, and Gale places a small baggie on the seat of his vehicle. The informant places money on the seat next to the baggie and then picks up the baggie. Gale then quickly picks up the money. The baggie's appearance in the video is consistent with the one entered into evidence, which was determined to have held a little less than one gram of methamphetamine.

¶6.    The informant was thoroughly cross-examined, and he admitted that he was paid $100 for his role in the drug buy. He also admitted he was facing felony charges at the time of the trial, though he had not been at the time of the buy. He denied that he had been offered or expected any leniency on those charges as a result of his testimony.

¶7.    Gale bases his argument as to the weight of evidence on the video, particularly the informant's detour to the convenience store. The informant spoke for some time to the clerk, who he testified he knew. During that time, an older woman appears in the store, and she places a handbag on the counter near the informant, which she opens. The woman says something that is largely unintelligible, though she seemed to say that she has "chocolates." Gale contends on appeal (without citation to the record) that "chocolates" is street slang for amphetamines. According to Gale, the video established that the informant got the

3

amphetamine from the woman in the store. He contends that the subsequent transaction (with Gale) was actually just a sale of the pills (for which Gale was acquitted).

¶8. We see no merit to this argument. What exactly occurred during the encounter with the woman in the convenience store is unclear from the video. The informant testified without equivocation that he purchased the amphetamine from Gale. The video appears to corroborate this. The credibility of the informant and the question of reasonable doubt stemming from the detour to the convenience store and the less-than-perfect searches prior to the sale were argued to the jury and apparently rejected, at least as to the methamphetamine. Our supreme court has "repeatedly held that in a criminal prosecution the jury may accept the testimony of some witnesses and reject that of others, and that they may accept in part and reject in part the evidence on behalf of the [S]tate or on behalf of the accused. In other words, the credibility of witnesses is not for the reviewing court." *Mangum v. State*, 762 So. 2d 337, 346 (¶35) (Miss. 2000) (citation omitted). The jury is likewise "entrusted to interpret evidence that is capable of more than one reasonable interpretation." *Winn v. State*, 127 So. 3d 289, 292 (¶11) (Miss. Ct. App. 2013) (citation omitted).

¶9. After reviewing the record, we cannot say that Gale's conviction is against the overwhelming weight of the evidence.

### 2. Jury Instruction

¶10. Gale offered instruction D-7, which would have stated:

4

The Court instructs the jury that the law looks with suspicion and distrust on the testimony of an informant, and requires the jury to weigh that testimony with great care and suspicion. You should weigh the testimony from an informant, and passing on what weight, if any, you should give this testimony, you should weigh it with great care and caution, and look upon it with distrust and suspicion.

¶11.    In his arguments on appeal, Gale essentially concedes that this issue is controlled by *Webber v. State*, 108 So. 3d 930, 931-32 (¶7) (Miss. 2013), where the Mississippi Supreme Court held that such an instruction was properly refused if the details of the informant's pay arrangement are disclosed to the jury and the informant is subject to cross-examination. *Webber* has been reaffirmed by the supreme court in *Corrothers v. State*, 148 So. 3d 278, 302-03 (¶55) (Miss. 2014), and repeatedly relied upon by this Court.  *See Thomas v. State*, 195 So. 3d 843, 849 (¶16) (Miss. Ct. App. 2016); *Beal v. State*, 134 So. 3d 383, 386-87 (¶¶14-15) (Miss. Ct. App. 2014); *Miller v. State*, 144 So. 3d 199, 203 (¶17) (Miss. Ct. App. 2014); *Wallace v. State*, 139 So. 3d 75, 77-78 (¶8) (Miss. Ct. App. 2013).

¶12.    Gale cannot distinguish his case from *Webber*; his argument on appeal is essentially that *Webber* was erroneously decided.  But this Court, sitting as an intermediate appellate court, lacks the authority to overrule decisions of the Mississippi Supreme Court.  *Henry v. State*, 40 So. 3d 621, 629 (¶34) (Miss. Ct. App. 2010).

¶13.    The details of the informant's pay arrangement and the surrounding circumstances were disclosed to the jury.  The informant was thoroughly cross-examined, and Gale was permitted to argue that the jury should not find his testimony credible.  The jury was properly instructed that it was the arbiter of the credibility of witnesses.  Thus, the issue of the

informant's credibility was squarely put to the jury, and that was adequate under Mississippi law. *Webber*, 108 So. 3d at 931-32 (¶7).

¶14. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**